IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) Criminal No. 4:25-cr-148 |
| v. | ) ) |
| TIANZHU CHEN, JINGLIU CHEN, KANGHUA CHEN, YONG CHEN, XIAN QUAN GUO, JIAN XIN HUANG, JIANFA HUANG, BEN QIU LIN, FUKANG WANG, FUTAO WANG, JIA ZHOU WANG, JIE WANG, XIANGJING WANG, DANRONG ZHANG, JIE ZHU, CHANG YONG ZOU, CHANGXU ZOU, CHANGYU ZOU, and WENRONG ZOU, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## APPLICATION FOR PROTECTIVE ORDER

COMES NOW the United States and respectfully requests the Court to enter a protective order pursuant to 18 U.S.C. § 1963(d) to preserve the availability of certain property that is subject to forfeiture, to specifically include real property located at 38 Sweetwater Avenue Staten Island, New York, 10308. In support of this request, the United States states as follows:

1.       On December 9, 2025, an indictment was returned charging Defendant

1

FUKANG WANG and others under 18 U.S.C. § 1962 (racketeering) (Count 1). Among other things, the Enterprise is alleged to have stolen and sold used cooking oil (UCO) and transported said UCO across state lines. The Enterprise used the name King Oil Recycling, Inc., to conduct its illegal activities. The Enterprise's activities are alleged to have occurred as early as August 2020 and continuing until December 2025.

2. FUKANG WANG and others used a residence at 38 Sweetwater Avenue in Staten Island, New York, as a source of influence over the Enterprise (hereinafter "the Sweetwater residence"). For example, FUKANG WANG and others conducted meetings at the Sweetwater residence, and they maintained records and proceeds of the Enterprise's unlawful activities at that location. Specifically, investigators have learned the following about the Sweetwater residence:

3. FUKANG WANG and Bijin Zheng purchased the residence in September 2022, during the timeframe that the Enterprise was ongoing, for $1.2 million. Zheng appears to be WANG's spouse. Records reflect that the property was transferred solely into Zheng's name on May 26, 2023. Significantly, this occurred shortly after state search warrants were executed in Tennessee on May 24, 2023, on locations associated with the Enterprise.

4. On June 20, 2023, JIA ZHOU WANG, filed articles of incorporation for King Oil Recycling, Inc., listing the Sweetwater residence as his address JIA ZHOU WANG was the sole account holder on the King Oil Recycling bank account that received over $2.5 million from the sale of stolen UCO. JIA ZHOU WANG appears to

be the father of FUKANG WANG.

5. Phone location data revealed that TIAZHU CHEN, who held a leadership role in the Enterprise, was present at the Sweetwater residence on several occasions in September, October, and December 2025.

6. A federal search warrant was executed at the Sweetwater residence on December 11, 2025. Among other things, investigators located;

   a. A suitcase with a concealed compartment containing $15,000 USD with a total amount of $18,500 USD located inside the residence;

   b. Ledgers containing payroll and other documents relating to the various businesses associated with the organization;

   c. Mail labeled King Oil Recycling Incorporated addressed to 38 Sweetwater Ave, Staten Island, New York, 10308;

   d. Mail addressed to FUKANG WANG and JIA ZHOU WANG at 38 Sweetwater Ave, Staten Island, New York, 10308;

   e. Business checkbooks for Jiechen Oil Recycling Company, TDR Harmony Corporation, and King Oil Recycling Incorporated;

   f. Numerous business records and documents associated with Cleancycle Incorporated and King Oil Recycling Incorporated.

7. The Indictment includes a Notice of Forfeiture, which seeks forfeiture of certain items, including but not limited to identified vehicles and property, as well as a bank account. More broadly, the Notice of Forfeiture encompasses any property

"affording a source of influence over" the Enterprise, which would thus include the Sweetwater residence.

8. Pursuant to 18 U.S.C. § 1963(d)(1)(A), upon the filing of the indictment, the Court has authority to "enter a restraining order or injunction, require the execution of a satisfactory performance bond, or to take any other action to preserve the availability of property" for purposes of forfeiture. No hearing is required before entry of the order. *See generally United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989) (explaining that court may order restraint of assets ex parte and without a hearing, although court may in some cases elect to hold a post-restraint hearing).

9. In the alternative, to the extent that the Court views this application as seeking a pre-indictment restraining order, the Court would have authority to enter a restraining order pursuant to 18 U.S.C. § 1963(d)(1)(B) because there is "a substantial probability that the United States will prevail on the issue of forfeiture"; "failure to enter the order will result in the property being destroyed, removed, or otherwise made unavailable for forfeiture"; and "the need to preserve the availability of the property … outweighs the hardship on any party against whom the order is to be entered." If the Court were to proceed under this subsection, then FUKANG WANG and Bijin Zheng would be entitled to notice and an opportunity to be heard.

10. Here, the United States seeks a protective order to guard against the disposition of the Sweetwater residence or against any acts that might impair or diminish its value. Specifically, the United States requests that Court order FUKANG WANG, and any other persons or entities with an interest in the

Sweetwater residence, to refrain from attempting or completing any action that would affect the availability or value of the Sweetwater residence for forfeiture, including, but not limited to, selling, assigning, pledging, distributing, encumbering, wasting, secreting, or otherwise taking any action that would impair the availability of the Sweetwater residence and its value for forfeiture.  Further, these parties should be required to keep the property in good repair and to timely make all mortgage, tax, insurance, and other payments due and owing. Finally, the United States should be authorized to inspect the property on an ongoing basis, and to review mortgage, tax, and insurance documentation, to ensure compliance with the Court's order.

WHEREFORE, the United States respectfully requests issuance of a protective order under 18 U.S.C. § 1963(d) to preserve the availability of 38 Sweetwater Avenue for potential forfeiture.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Ste 455
Des Moines, Iowa 50309
Telephone: (515) 473-9300
Facsimile: (515) 473-9282
Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 12, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

      By: */s/ Karen Saltos*
           Karen Saltos
           U.S. Attorney's Office
           Paralegal Specialist